UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE WINFRED HAMM

     v.                                                               Case Nos. 8:17-cv-347 T-24 TBM
                                                                                                                             8:15-cr-202-T-24 TBM

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Wayne Winfred Hamm's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as a supporting memorandum. (Civ. Docs. 3, 4). Petitioner also filed a motion to amend or supplement his § 2255 motion (Civ. Doc. 7), which the Court granted in part and denied in part (Civ. Doc. 10). The Government filed a response in opposition to the § 2255 motion, and Petitioner filed a reply. (Civ. Docs. 8, 9). Upon review, the Court denies Petitioner's § 2255 motion.

**I.    Background**

On October 8, 2015, Petitioner pleaded guilty, pursuant to a plea agreement, to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count I), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). (Crim. Docs 44, 45). According to Petitioner's Presentence Investigation Report ("PSI"), Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act ("ACCA")) and United States Sentencing Guideline ("U.S.S.G.") §4B1.4 due to three prior Florida drug convictions. (*See* Crim. Docs. 57, ¶30; 61). These three prior drug offenses were 1) a 1994 conviction for delivery of cocaine, 2) a 1996

1

conviction for possession of cocaine with intent to sell or deliver and sale of cocaine, and 3) a 1996 conviction for two counts of sale of cocaine. (Crim. Doc. 57, ¶30).

Petitioner faced a statutory minimum term of imprisonment of 15 years on Count I and a statutory maximum of 20 years on Count II. (Crim. Doc. 57, ¶100). As indicated in the PSI, Petitioner's adjusted offense level of 32 with a criminal history category of VI resulted in an advisory guideline sentencing range of 210–262 months' imprisonment. (Crim. Doc. 57, ¶101). Counsel for Petitioner objected to the PSI's use of factual information concerning Petitioner's criminal history to enhance his advisory range. (Crim. Doc. 57, pg. 26–27).

At sentencing, however, counsel for Petitioner conceded that Petitioner was correctly designated as an armed career criminal and that Petitioner was "properly scored." (Civ. Doc. 8-1, pg. 7). Counsel further stated that there was no objection to "the accuracy of the guidelines scored or the factual content as well." (Civ. Doc. 8-1, pg. 7). In any event, counsel argued for a downward variance to 15 years' imprisonment because none of Petitioner's prior convictions were for violent acts and because of Petitioner's dysfunctional upbringing. (Civ. Doc. 8-1, pg. 10–11). The Government did not object, and the Court granted this request. (Civ. Doc. 8-1, pg. 20–24). Petitioner was sentenced to 15 years' imprisonment (a 30-month downward variance) followed by three years' supervised release. (Crim. Docs. 59, 60). Petitioner did not file a direct appeal.

On February 19, 2016, Petitioner timely filed his § 2255 motion.[1]

---

[1] Because Petitioner's initial § 2255 motion (Civ. Doc. 1) was not filed using the standard form, the Court gave Petitioner until March 16, 2017 to re-file his motion. Petitioner re-filed his § 2255 motion (Civ. Doc. 3) and supporting memorandum (Civ. Doc. 4) on March 16, 2017.

## II. Discussion

Petitioner raises two grounds for relief in his § 2255 motion. In Ground One, Petitioner argues that he was "erroneously sentenced as a career offender"[2] because his counsel ineffectively failed to challenge the use of Petitioner's prior convictions as ACCA "qualifying predicate convictions." (Civ. Doc. 3, pg. 4). In Ground Two, Petitioner contends that he is actually innocent of being an armed career criminal because he does not have three or more serious drug offenses. (Civ. Doc. 3, pg. 5). For the reasons that follow, each argument lacks merit.

### A. Ground One: Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*.

To succeed on an ineffective-assistance-of-counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The reasonableness of an attorney's performance must be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

---

[2] Petitioner was actual sentenced as an armed career criminal, and the Court interprets this argument to mean he was erroneously sentenced as an armed career criminal.

overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689 (citation and internal quotation marks omitted).

Simply showing that counsel erred is insufficient. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner argues he was erroneously sentenced as an armed career criminal because his counsel ineffectively failed to argue that his prior state drug convictions under Florida Statute § 893.13 were not ACCA predicates. Under the ACAA, a defendant convicted of violating § 922(g) is subject to a 15-year mandatory minimum sentence if he or she has three prior convictions for either a violent felony or a serious drug offense committed on occasions different from one another. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(A) defines "serious drug offense" to include:

> **ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

Section 893.13 of the Florida Statutes provides that it is unlawful for a person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). A conviction for the sale, delivery, or possession with the intent to sell under § 893.13(1)(a) is a second degree felony carrying a maximum sentence of 15 years' imprisonment. Fla. Stat. § 893.13(1)(a)(1) and § 775.082(3)(d). Thus, Petitioner's convictions qualified as ACCA predicate offenses.

4

Despite the plain language of these statutes, Petitioner argues that because Florida Statute § 893.13 lacks a *mens rea* element as to the illicit nature of the controlled substance, it cannot constitute a "serious drug offense" under the ACCA.[3] But the Eleventh Circuit has rejected this exact argument in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) *cert. denied*, ––– U.S. –––,135 S. Ct. 2827, 192 L. Ed. 2d 864 (2015). In *Smith*, the court held that "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied" by the ACCA's definition of "serious drug offense." *Id.* at 1267. Instead, the definition "require[s] only that the predicate offense 'involv[es]' . . . certain activities related to controlled substances." *Id.* (second alteration in original) (citation omitted). Thus, the *Smith* court concluded that "section 893.13(1) of the Florida Statutes is . . . a 'serious drug offense.'" *Id.* at 1268; *see also United States v. Murray*, 625 Fed. App'x 955, 959 (11th Cir. 2015) (per curiam) ("A conviction under § 893.13(1), which includes possession with intent to sell cocaine, qualifies as a 'serious drug offense' under § 924(e)(2)(A).") (citation omitted); *Coleman v. United States*, Case. Nos. 8:15-cv-2460-T-15TGW, 8:12-CR-492-T-15TGW, 2015 WL 6756131, at *2 (M.D. Fla. Nov. 4, 2015) ("It is the well settled law of the Eleventh Circuit that a drug offense in violation of Florida statute section 893.13(1)(a) constitute[s] a 'serious drug offense' for purposes of the ACCA.") (citations omitted). Likewise, Petitioner's arguments concerning "generic" crimes are misplaced and have been rejected by the Eleventh Circuit. *See United States v. Samuel*, 580 Fed. App'x 836, 842–43 (11th Cir. 2014) (per curiam) ("The question of whether § 893.13 qualifies as a 'generic' offense is inapplicable, because § 924(e)(2)(A)(ii) is self-defining without reference to any 'generic' or otherwise enumerated offenses.") (citation omitted).

---

[3] Section 893.101 of the Florida Statutes provides that "knowledge of the illicit nature of a controlled substance is not an element" of a § 893.13 offense. Fla. Stat. § 893.101(2).

5

In his supplemental memorandum, Petitioner further argues that the Court's reliance on the PSI's summaries of Petitioner's ACCA qualifying offenses was in error "because they were derived from arrest affidavits." (Civ. Doc. 7, pg. 2). This is incorrect because Petitioner admitted to each of the ACCA predicate convictions in his plea agreement (Crim. 44, pg. 20), did not object to the paragraphs in the PSI identifying his prior convictions as ACCA qualifying offenses, and his counsel correctly acknowledged at sentencing that Petitioner was properly scored as an armed career criminal (Civ. Doc. 8-1, pg 7). Moreover, the *Shepard* documents[4] submitted by the Government confirm that Petitioner was convicted in three cases of five separate offenses under Florida Statue § 893.13 and, therefore, was properly sentenced as an armed career criminal. (*See* Doc. 8-1, pg. 32-52).

Here, Petitioner was correctly sentenced as an armed career criminal. The failure of Petitioner's counsel to challenge Petitioner's prior drug convictions as a basis for his armed career criminal designation was not in error or objectively unreasonable because Eleventh Circuit precedent foreclosed such an argument. Because Petitioner was correctly sentenced as an armed career criminal, he cannot show prejudice. Consequently, Petitioner has failed to prove both deficient performance by counsel and prejudice, and his claim is without merit.

### B. Ground II: Actual Innocence

Petitioner next argues that he is "actually innocent of his 18 U.S.C. § 924(e) conviction and sentence . . . because he does not have three or more serious drug offenses." (Civ. Doc. 3, pg. 5). This argument is essentially the same as that made by Petitioner in Ground One and is, as explained above, meritless. In any event, a claim of actual innocence applies only to factual, not legal, innocence. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) ("First, and

---

[4] In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court listed the documents a district court may examine in order to determine the character of a prior conviction under the ACCA.

most importantly, for purposes of the actual innocence exception, actual innocence means *factual* innocence, not mere legal insufficiency.") (citations and internal quotation marks omitted). Petitioner's argument that his prior convictions do not qualify as ACCA predicates is one of legal innocence. *See Id.* (holding that actual innocence exception did not apply because petitioner's argument that he was erroneously sentenced as a career offender was one of legal, rather than factual, innocence). Accordingly, Petitioner's claim of actual innocence lacks merit.

### C. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on his § 2255 motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. Petitioner bears the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Petitioner's § 2255 motion lack merit, and he is not entitled to an evidentiary hearing.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

# CERTIFICATE OF APPEALABILITY AND

# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of August, 2017.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner